# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**REBECCA S. WILBURN**                                                      **PLAINTIFF**

**v.**                           **No. 3:18-CV-00074-KGB-JTK**

**NANCY A. BERRYHILL,**
Acting Commissioner,
Social Security Administration                                         **DEFENDANT**

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## REASONING FOR RECOMMENDED DISPOSITION

Rebecca Wilburn applied for social security disability benefits with an alleged onset date of February 21, 2014. (R. at 158). After a hearing, the administrative law judge (ALJ) denied her application. (R. at 18). The Appeals Council denied her request for review. (R. at 1). The ALJ's decision now stands as the Commissioner's final decision, and Wilburn has requested judicial review.

For the reasons stated below, the magistrate judge recommends reversing and remanding the Commissioner's decision.

**I.**     **The Commissioner's Decision**

The ALJ found that Wilburn had the severe impairments of bipolar disorder and generalized anxiety disorder. (R. at 13). The ALJ then found that Wilburn's impairments left her with the residual functional capacity (RFC) to perform work at all exertional levels except that she could understand, remember, and carry out simple job instructions; make judgments in simple work-related situations; respond appropriately to co-workers/supervisors with incidental contact that is not necessary to perform the work; respond appropriately to minor changes in a usual work routine; and should avoid interaction with the public. (R. at 14). A vocational expert (VE) testified that a person with Wilburn's RFC could perform her past relevant work as a small products assembler. (R. at 18). The ALJ therefore held that Wilburn was not disabled. (R. at 18).

## II. Discussion

The Court is to affirm the ALJ's decision if it is not based on legal error and is supported by "substantial evidence in the record as a whole," which is more than a scintilla but less than a preponderance. *Long v. Chater,* 108 F.3d 185, 187 (8th Cir. 1997). The Court considers evidence supporting and evidence detracting from the Commissioner's decision, but it will not reverse simply because substantial evidence could support a different outcome. *Prosch v. Apfel,* 201 F.3d 1010, 1012 (8th Cir. 2000).

Wilburn argues only that the ALJ failed to fully and fairly develop the record, arguing that the records are clearly incomplete and that a consultative examination was necessary. For the reasons stated below, the undersigned must agree.

Wilburn has alleged only mental impairments in her application for benefits. (R. at 158). As Wilburn correctly notes, the analysis of mental impairments can be more complicated than that of physical impairments, as periods of remission and symptom-free intervals may occur yet may not indicate that an individual is not disabled. *Andler*

*v. Chater*, 100 F.3d 1389, 1393 (8th Cir. 1996). Further, the ALJ has a duty to ensure that the record contains medical evidence from a treating or examining physician addressing the impairments at issue. *Strongson v. Barnhart*, 361 F.3d 1066, 1071–72 (8th Cir. 2004).

Two treating psychiatrists opined that Wilburn's symptoms would prevent her from holding down a job. (R. at 397, 399). A treating counselor opined that she is overwhelmed by "even the smallest tasks that most would not be troubled by." (R. at 412). The ALJ discredited all three of these opinions, stating that the doctors' opinions were inconsistent with the evidence and that the counselor was not an acceptable medical source. (R. at 17). The ALJ also discredited the opinions because Wilburn "was able to retain an attorney and deal with her insurance company after [a] motor vehicle accident" and because "there is no evidence that either psychiatrist observed the claimant having a panic attack." (R. at 17). The ALJ gave great weight to the opinions of non-examining State Agency consultants. (R. at 17). However, such opinions are not normally entitled such weight. *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000). In this case, the ALJ did not attempt to explain why the opinions of consultants who never met Wilburn were more reliable than the opinions of psychiatrists who had substantial experience treating her.

The ALJ's reasons for discrediting the treating psychiatrists are questionable at best. He discredited them in part because the record did not indicate that Wilburn had had a panic attack during a visit with either psychiatrist. This is simply an illogical requirement. A medical opinion cannot be invalidated simply because a doctor did not observe a particular symptom manifest during a treatment session. Moreover, the ALJ

discredited the physicians as inconsistent with records because medication had been effective, yet the doctors both acknowledged partial effectiveness of treatment.

It is also specious to discredit a claimant because she was able to retain an attorney and deal with an insurance company after an auto accident. If the ability to hire an attorney were reason for discrediting a claimant, any claimant who chose to have an attorney represent her for a claim for social security benefits could be found to not be disabled simply on that basis. Moreover, the only mention of Wilburn's interactions with a lawyer come from a treatment record in which she stated "we finally had to get a lawyer and had to get my insurance to get us a rental car so I could even get around. I have been an emotional wreck the past 2 days." (R. at 464). Notably, Wilburn did not state that she personally hired the attorney or communicated with an insurance company, and the accident involved her, her ex-husband, and her son. (R. at 152). Furthermore, whatever interactions Wilburn had with a lawyer or insurance company reportedly left her "an emotional wreck." This is far from indicating that she had the wherewithal to handle the day-to-day stress of a working environment.

Wilburn argues that the medical records are clearly incomplete because the treating psychiatrists noted that she had been undergoing treatment for several years, though the earliest treatment records in the record are from January 2015. (R. at 384, 397, 399). She also observes that, on November 14, 2016, her counselor noted weekly meetings with her as well as Wilburn seeing a case manager at home on a weekly basis, yet there are no treatment records beyond October 2016. (R. at 453–54, 466).

These notes indicate that there is possibly more to the record than was obtained. The Commissioner argues that the ALJ was not obligated to seek evidence predating the application date, which was April 14, 2015. (R. at 158). However, the ALJ discredited

Wilburn's treating psychiatrists for inconsistencies in the treatment records, yet it is clear that the psychiatrists had a longer history with Wilburn than is reflected in the record. More importantly, as the ALJ chose to disregard the opinion of every professional who had any personal experience with Wilburn, the RFC was based on little more than speculation based on sparse treatment records. Additional development of the record is necessary.

### III. Recommended Disposition

The ALJ failed to fully and fairly develop the record. The ALJ's decision is therefore not supported by substantial evidence on the record as a whole. For these reasons, the undersigned magistrate judge recommends REVERSING and REMANDING the decision of the Commissioner with instructions to develop the record as necessary by recontacting treating mental health providers and/or consultative examinations.

Dated this 21st day of March, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE